## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **ANGELA CHRISTIAN,** | § | |
| **Individually and as Next Friend to** | § | |
| **K.W. and DORSEY WOODS,** | § | |
| **Individually and as Next Friend** | § | |
| **of K.W.** | § | |
| *Plaintiffs,* | § | |
| | § | |
| | § | **CIVIL ACTION NO. _____** |
| **VS.** | § | **(JURY TRIAL DEMANDED)** |
| | § | |
| **DELTA AIR LINES, INC.** | § | |
| *Defendants.* | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, ANGELA CHRISTIAN, Individually and as next friend to K.W., a minor, and DORSEY WOODS, Individually and as next friend to K.W., a minor, Plaintiffs herein, complaining of DELTA AIR LINES, INC., Defendant, and for cause of action would respectfully show this Honorable Court and Jury as follows:

## I.
## PARTIES

1.      Plaintiff ANGELA CHRISTIAN, Individually and on behalf of K.W., is a resident of Harris County, Texas and a citizen of Texas. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

2.     Plaintiff DORSEY WOODS, Individually and on behalf of K.W., is a resident of Bedford County, Virginia and a citizen of Virginia. Plaintiff brings this action pursuant to any and all remedies and/or capacities available at law or equity.

3.     Defendant DELTA AIR LINES, INC. (hereinafter DELTA) is a Delaware corporation with its principal place of business in Atlanta, Georgia. Defendant DELTA is registered with the State of Texas as a foreign for-profit corporation. Defendant DELTA may be served with citation through its Texas process agent Corporation Service Company *dba* CSC -- Lawyers Incorporating Services Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 or wherever it may be found. Plaintiffs request citation for service upon Defendant DELTA at this time.

**II.**
**JURISDICTION AND VENUE**

4.     Jurisdiction is proper in that there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds $75,000.00. 28 U.S.C. §§ 1332. Venue is proper pursuant to 28 U.S.C. §§ 1391 in that the events giving rise to the present litigation occurred in Harris County, Texas located within the Houston Division of the Southern District of Texas.

## III.
## FACTUAL BACKGROUND

5.      Plaintiffs ANGELA CHRISTIAN and DORSEY WOODS are the parents of minor K.W.  As do many families in the United States, Plaintiffs coparent K.W. and reside in different states; Texas and Virginia respectively.  K.W. goes to visit her father Plaintiff WOODS every summer in Virginia.  K.W. makes the trip by flying as an unaccompanied minor.

6.      Defendant DELTA is one of the largest airlines in the world.  Defendant DELTA owes a duty to its customers to ensure and protect their safety especially those in the Unaccompanied Minor Program.

7.      As part of DELTA's services, it offers an Unaccompanied Minor Program to their customers.  The program is designed specifically to ensure the safety of unaccompanied minors when they travel.  DELTA's website states "[w]hen children travel alone on our flights, we take every step to make sure your child is safe, comfortable and enjoying a positive travel experience."  DELTA charges its customers an additional charge for the program which provides the minor a "Delta personnel escort" while traveling to different gates as well as providing extra security protocols and safety measures while the unaccompanied minors are on board such as additional attention from flight attendants, flight attendants sitting with the unaccompanied minors during the flight and/or always maintaining a safe proximity to the unaccompanied minor during the flight.  Furthermore, when

boarding the aircraft, the unaccompanied minors are shown the cockpit and then placed in their seats close to the flight attendant's portion of the cabin so that they can be monitored throughout the flight.

8.     Not only does DELTA owe its customers and unaccompanied minors a duty to ensure their safety and comfort during a flight, DELTA represents to its customers that its employees will ensure that every unaccompanied minor who is enrolled in their program will safely reach their destination.   DELTA further represents that they will be accompanied by a Delta employee throughout their trip and that they will be constantly monitored.   DELTA had a fiduciary duty to the Plaintiffs to ensure that it followed through on its representations.   DELTA failed.

9.     On August 13, 2019, K.W. was returning to her home in Texas after visiting her father in Virginia.   As always, Plaintiffs had purchased K.W. a flight with Defendant DELTA using the Unaccompanied Minor Program so that K.W. could travel safely.   After telling her father goodbye, K.W. boarded a plane and flew to Atlanta where she switched planes for her final flight home.   K.W. boarded flight DL491 which travelled from Atlanta to Hobby Airport in Houston, Texas.

10.     This flight was different, however.   While K.W. was escorted to her seat, 25D, as she had been previously, K.W. was sat in a row by herself.   This time, the flight attendants did not occupy the seat next to her when they were not tending to the other patrons.   Furthermore, the flight attendants did not check on K.W. during

the flight.  There was a complete lack of attentiveness and regard for K.W.'s safety as was shown on the previous flights.  DELTA failed to keep their representations and promises regarding K.W.'s safety.

11.     Approximately half-way through K.W.'s flight home, an unknown male passenger switched from his assigned seat and moved to the previously unoccupied seat next to K.W.  At no time during the remainder of the flight, approximately more than an hour, did any of DELTA's employees notice that a male was occupying a seat that was not his and that he was sitting next to the unaccompanied minor whose care was entrusted to them.

12.     Throughout the time that the male sat next to K.W., she was scared and uncomfortable as he continued to talk to her.  As the plane began its descent, the male began to touch K.W.  After the plane landed, the male then began to kiss K.W. and touch her inappropriately until K.W. began to scream and become emotional.

13.     The male tried to grab his luggage and rush off the plane, but several passengers chased after him and forced him to stop until the police arrived.  Plaintiff ANGELA CHRISTIAN was waiting by the gate for K.W. and noticed the commotion.  She then heard K.W. crying and yelling while DELTA employees were not only questioning K.W. but harassing her without her mother present despite K.W.'s request.

5

14.     At all times relevant to the present litigation, K.W. and her safety were under the control of DELTA. DELTA owed Plaintiffs a duty and failed miserably in that duty.  Furthermore, the actions and/or inactions of DELTA created an extreme degree of risk for Plaintiffs.

15.     DELTA made several misrepresentations to Plaintiffs regarding the Unaccompanied Minor Program.  These representations include, but are not limited to, that K.W. would be constantly monitored by DELTA personnel, that K.W. would be safe during her flight, that unidentified individuals would not be allowed to have contact with K.W. and that DELTA employees would be responsible in their care for K.W.  DELTA failed Plaintiffs and K.W.

16.     Due to the actions and/or inactions of Defendant DELTA, Plaintiffs have been damaged in an amount that exceeds the minimum jurisdictional requirements of this Court.

**IV.**
**CAUSES OF ACTION**

**A.     NEGLIGENCE**

17.     Plaintiffs fully incorporate herein by reference the allegations contained above.

18.     As a separate and independent cause of action, Plaintiffs sue Defendant DELTA for negligence.  Defendant DELTA owed a duty to Plaintiffs to ensure the

safety, comfort and convenience of all passengers, especially that of the unaccompanied minor K.W.

19.     Defendant DELTA failed to use ordinary and reasonable care and thus breached its duty to Plaintiffs by failing to watch over K.W. and ensure her safety which caused her to be physically and sexually assaulted on its plane.

20.     Defendant DELTA's breach of its duty proximately caused the injuries to Plaintiffs.

21.     As a result of Defendant DELTA's actions, Plaintiff has been injured in an amount that exceeds the minimum jurisdictional limits of this Court.

**B.     GROSS NEGLIGENCE**

22.     Plaintiffs fully incorporate herein by reference the allegations contained above.

23.     Defendant DELTA's conduct, when viewed objectively from its standpoint at the time of the conduct, involved an extreme degree of risk considering the probability, magnitude and likelihood of serious harm to others, and Defendant DELTA was actually and subjectively aware of the risk involved, but nevertheless proceeded with conscious disregard to the rights, safety, and welfare of others.

24.     Defendant DELTA's acts and/or omissions and commissions, collectively and severally, constitute gross negligence. Such gross negligence was a proximate cause of Plaintiffs' injuries and damages.

C.      **TEXAS DECEPTIVE TRADE PRACTICES ACT**

25.     Plaintiffs fully incorporate herein by reference the allegations contained above.

26.     As a separate and independent cause of action, Plaintiffs sue Defendant DELTA for violations of the Texas Business and Commerce Code §§17.41-17.63, more commonly known as the Deceptive Trade Practices Act for violations of Section 17.46(b) of the Texas Business and Commerce Code.

27.     Plaintiffs sue Defendant DELTA for violations of Section 17.46(b)(2) for causing confusion or a misunderstanding about the source, sponsorship, approval or certification of goods or services.

28.     Plaintiffs sue Defendant DELTA for violations of Section 17.46(b)(5) for representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities they do not have.

29.     Plaintiffs sue Defendant DELTA for violations of Section 17.46(b)(7) for representing that goods or services are of a particular standard, quality or grade when they are not.

30.     Plaintiffs sue Defendant DELTA for violations of Section 17.50(a)(3) because the actions of Defendant were unconscionable.

31.     As a result of Defendant DELTA's actions, Plaintiffs have been harmed in an amount within this Court's jurisdictional limits.

**D.     BREACH OF FIDUCIARY DUTY**

32.     Plaintiffs fully incorporate herein by reference the allegations contained above.

33.     Plaintiffs and Defendant DELTA had an informal fiduciary relationship in which Plaintiffs placed a special confidence in Defendant DELTA, who in good conscious was bound to act in good faith and due regard for the interest of minor K.W.

34.     Defendant DELTA breached said fiduciary relationship with Plaintiffs by failing to act in good faith and protecting K.W.

35.     Defendant DELTA's breach proximately caused the injury to Plaintiffs.

36.     As a result of Defendant DELTA's actions, Plaintiffs have been harmed in an amount within the jurisdictional limits of this Court.

**E.     FRAUDULENT INDUCEMENT AND/OR MISREPRESENTATIONS**

37.     Plaintiffs fully incorporate herein by reference the allegations contained above.

38.     As a separate and independent cause of action, Plaintiffs sue Defendant DELTA for fraudulent misrepresentations and/or fraudulent inducement.

39.     In the course of Plaintiffs agreeing to purchase the unaccompanied minor program with Defendant DELTA, Defendant DELTA made certain material representations to Plaintiffs which were false, and Defendant DELTA knew that

such representations were false or made recklessly as a positive assertion and without knowledge of its truth. Defendant DELTA made such representations with the intent that the Plaintiffs act on them, and Plaintiffs did indeed rely upon said representations. Defendant DELTA fraudulently induced Plaintiffs into the agreement to Plaintiff's detriment.

40.    As a result, Plaintiffs have been injured in an amount that exceeds the minimum jurisdictional limits of this Court.

## F.    NEGLIGENT MISREPRESENTATIONS

41.    As a separate and independent cause of action, Plaintiffs sue Defendant DELTA for fraudulent misrepresentations and/or fraudulent inducement.

42.    In the course of Plaintiffs agreeing to purchase the Unaccompanied Minor Program with Defendant DELTA, Defendant DELTA made certain material representations to Plaintiffs in the course of Defendant DELTA's business or in a transaction in which Defendant had a pecuniary interest. The representations were false, and the representations were made for the guidance of Plaintiffs. Defendant DELTA failed to use reasonable care in obtaining or communicating the information. Plaintiffs justifiably relied on the representations and said representations proximately caused the damage to Plaintiffs.

43.    As a result, Plaintiffs have been injured in an amount that exceeds the minimum jurisdictional limits of this Court.

**G.    BREACH OF CONTRACT**

44.    Plaintiff incorporates by reference the allegations set forth in the above paragraphs.

45.    In the alternative of the above causes of action, as a separate and independent cause of action, Plaintiffs would sue Defendant DELTA for breach of contract.

46.  Plaintiffs entered into a contract with Defendant DELTA by the purchase of the flights and the unaccompanied minor program.

47.    Plaintiff fully performed their obligations under the contract.

48.    Defendant DELTA breached the contract, without legal excuse, to perform all promises that form all or part of the agreement.

49.    All conditions precedent of said contract were met.

50.    As a result of the Defendant's breach of contract, the Plaintiffs have sustained financial harm and have lost the benefits expected to be received from the contract if said Defendant had performed as promised.

**V.**
**<u>VICARIOUS LIABILITY</u>**

51.    Whenever in this Complaint it is alleged that the Defendant DELTA did any act or thing, it is meant that the Defendant's agents, officers, servants, principals, vice principals, borrowed servants, employees and/or representatives did such act or thing and that at the time such act or thing was done, it was done with

11

the authorization and/or ratification of Defendant DELTA and/or was done in the normal and routine course and scope of Defendant's officers, agents, servants, principals, vice principals, borrowed servants, employees and/or representatives' duty and/or capacity.  Defendant DELTA is vicariously liable for the acts of their officers, agents, servants, principals, vice principals, borrowed servants, employees or/and representatives because of the employer-employee and/or principal/vice principal relationship, *respondent superior*, ostensible agency and/or agency by estoppel, and/or the borrowed servant doctrine.

## VI.
## DAMAGES

52.    This is an action to recover all damages provided by law and/or equity for the injuries and damages Plaintiff sustained as a result of the acts and/or omissions of Defendants and their officers, agents, partners, servants, principals, vice principals, borrowed servants, employees and/or representatives.

53.    As a result of the occurrence in question, Plaintiffs have sustained physical damages including but not limited to serious personal injuries, mental anguish, physical pain and suffering, impairment, disability in the past and future, and reasonable medical expenses.  The Plaintiffs will respectfully request the Court and Jury to determine the amount of loss the Plaintiffs have incurred and will incur in the future not only from a financial standpoint but also in terms of good health and freedom from pain and worry.  There are certain elements of damages provided

by law that the Plaintiffs are entitled to have the Jury in this case consider separately to determine the sum of money for each element that will fairly and reasonably compensate the Plaintiffs for the injuries, damages and losses incurred from the date of the accident in question until the time of trial of this case, those elements of damages are as follows:

      a.  The physical pain that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

      b.  The mental anguish that the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future;

      c.  The amount of reasonable medical expenses necessarily incurred in the treatment of the Plaintiffs' injuries from the date of the accident in question up to the time of trial and in the future;

      d.  The loss and/or reduction of earnings and/or earning capacity sustained by the Plaintiffs from the date of the occurrence in question up to the time of trial and in the future; and

      e.  The physical impairment which the Plaintiffs have suffered from the date of the occurrence in question up to the time of trial and in the future.

54.    The Plaintiffs have sustained various elements of damage, including those specified above, but not limited to those specified above, and the Plaintiffs herein reserve the right to plead more specifically and to show more specifically at trial all of those elements of damage.

55.    Additionally, Plaintiffs are entitled to exemplary damages pursuant to their claims that Defendant acted grossly negligent herein.

## VII.
## <u>ATTORNEY FEES</u>

56.     As a result of Defendant's improper conduct, Plaintiff has been compelled to retain the law firm of TRITICO RAINEY, PLLC., to bring this claim.

57.     Plaintiffs asks this Court to award to them, as provided for in the Texas Deceptive Trade Practices Act located in the Texas Business and Commerce Code, Texas Civil Practice & Remedies Code § 38.001 and/or as otherwise allowed by law, reasonable and necessary attorneys' fees, expert witness fees, costs for copies of depositions, and cost of court.

## VIII.
## <u>JURY DEMAND</u>

58.     Plaintiffs hereby request a jury trial and tenders the requisite jury fee.

## IX.
## <u>PRAYER</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer, and that Plaintiff have judgment against the Defendant as follows:

1.     Judgment against the Defendant for a sum established by proof at trial that is within the jurisdictional limits of this Court;

2.     Actual and consequential damages;

3.     Exemplary and/or punitive damages;

14

4.      Prejudgment interest as provided by law;

5.      Post judgment interest as provided by law;

6.      Attorney fees and costs of court; and

7.      All other damages, general and special, in law and in equity to which

Plaintiffs may show themselves justly entitled.


Respectfully submitted

**TRITICO RAINEY, PLLC.**

*/ s / L. James Krell*
L. James Krell
Federal Bar No. 1091708
State Bar No. 24072191
jkrell@triticorainey.com
Ron S. Rainey
Federal Bar No. 10076
State Bar No. 16484425
rrainey@triticorainey.com
1523 Yale Street
Houston, Texas 77008
713-581-3399 Telephone
713-581-3360 Facsimile